ROBORDS, Appellant, v. BRYAN, Respondent.

St. Louis Court of Appeals, March 1, 1904.

GUARDIAN AND WARD: Misconduct of Guardian. Where the guardian of a minor, in managing the trust estate, performs his services with a view to his own interest rather than the interest of his ward, after being reimbursed for expenses incurred, is not entitled to any compensation for his services, although his acts have resulted in benefit to the estate.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*Patterson & Patterson* for appellant.

(1) The statutes of the State of Missouri provide as follows: "SECTION 3534. Compensation—Guardians and Curators shall receive such compensation for their services as the court shall decide to be just and reasonable, etc." Revised Statutes 1899, p. 879. (2) Unfaithful administration will not deprive an executor of a right to compensation, for services so far as they have been beneficial to the persons interested in the testator's estate. Jennison et al. v. Hapgood, 27 Mass. (10 Pickering) 111. (3) Reasonable commission should never be refused administrators or executors, unless willful default or gross negligence is shown, resulting in loss to the estate. Bendall's Distributees v. Bendall's Adm'r, 60 Am. Dec. 469. (4) It is held in numerous cases that compensation must be refused if the administrator has been guilty of willful default or gross negligence in the management of the estate, whereby the same suffered loss. 2 Woerner on Administration (1 Ed.), sec. 526, p. 1163. (5) It is only when an executor has been guilty of willful default, misconduct, or gross negligence in the management of the trust estate, whereby it has suffered loss, that compensation to which he would otherwise be entitled must be denied to him. The executor in this case has not been guilty of such default, misconduct, or negligence and it was properly allowed compensation for its services. St. Paul Trust Co. v. Kittson, 65 N. W. 77.

*Barbour & McDavid* for respondent.

Commissions are intended to and belong to a faithful administration of the estate, and should not be allowed in a case where the evidence shows the curator has been guilty of bad faith towards the estate of his ward. State ex rel. Wolf v. Berning, 74 Mo. 100;

State ex rel. Piles v. Richardson, 29 Mo. App. 595; Woerner's Am. Law of Admin., star page 1164; Woerner on Guardianship, secs. 106 and 154; Mc-Knight v. Walsh, 23 N. J. Eq. 136; In Re Nowak, 78 N. Y. S. 288, 38 Misc. 713; Heard v. Daniel, 26 Miss. 451; Reed v. Ryburn, 23 Ark. 47; Scheib v. Thompson, 65 Pac. 499; State ex rel. Collin v. Gilmore, 50 Mo. App. 353; In re Wordell, 12 Atlantic 133; In re Kopps Est., 2 N. Y. Supp. 495; In re Schurrs Est., 13 Phila. 353, 37 Leg. Int. 194; Appeal of Fish, 7 Atlantic 222; Trimble v. Dodd, 2 Tenn. Ch. 500.

BLAND, P. J.—In 1894, the plaintiff qualified in the probate court of Greene county, Missouri, as guardian of Charles Love, minor, and the son of a deceased soldier. The ward was without visible assets. He had a right, however, under the laws of the United States, as a descendant of a deceased soldier, to make an original homestead entry, not exceeding one hundred and sixty acres, of the public lands anywhere in the territory of the United States. Plaintiff had been in the homestead entry business for a number of years and had acquired extensive information in respect to lands subject to such entries in the northwestern states. In November, 1894, he went to St. Cloud, Minnesota, and made homestead entry No. 17157 in the name of his ward and also made a cash entry in the name of his ward of fourteen and fourteen-hundredths acres adjoining the homestead lands, paying out of his own means the cost and expenses of the two entries. Before going to St. Cloud he had corresponded with one L. M. Linnell of Minnesota in respect to making the homestead entry for the benefit of his ward and had agreed by letter with Linnell that if he would make the improvements required under the homestead law on the lands and make final proof, that he (plaintiff) would sell and convey the lands to Linnell for five dollars an acre when the patent was obtained. It seems that

other parties got wind of the unlawful agreement between Linnell and plaintiff and contested the homestead entry. Plaintiff defended these contests and was successful in his defense. In order to perfect the homestead entry it became necessary to have a curator of the minor appointed in Minnesota. One was appointed and it is shown that an expenditure of $2240.14 was allowed against the estate in Minnesota for services rendered in and about perfecting the homestead entry and in making a sale of the lands. In 1890 a new guardian was appointed by the probate court of Greene county. After the perfection of the homestead entry and the patent was obtained therefor, the lands of the ward were sold for six thousand dollars and the balance, after deducting the expenses of the guardianship in Minnesota, was paid over to the defendant, the present guardian.

On April 14, 1900, plaintiff filed his claim, in the probate court of Greene county, against the estate of the minor as follows: "For expenses, $167.67. For compensation, $100." In February, 1900, he filed another claim in the same court as follows: "For expenses, $280.07. For compensation, $150." On the first claim the court allowed the expense account of $167.67, but disallowed the claim for compensation. No appeal was taken from this action of the probate court and the $167.67 allowed was paid plaintiff by the defendant. The demand now under consideration is for fifteen hundred dollars as compensation for plaintiff's services as guardian. Plaintiff was allowed $425 on this demand by the probate court, and defendant appealed to the Greene circuit court where on a trial *de novo* the issues were submitted to the court who, after hearing the evidence, made the following finding: "The court finds from the evidence that plaintiff was acting more with a view to his own interest in the matter than the interest of the estate, and further finds that he has heretofore been reimbursed for all outlays

Roborde v. Bryan.

by him," and rendered judgment for the defendant from which plaintiff appealed. The finding of the court, that plaintiff had been reimbursed for all outlays made by him, is supported by the evidence. He rendered no services after he was allowed $167.67 by the probate court. His acquiescence in the judgment of that court is conclusive, and he is estopped thereby to demand any further compensation for expenses.

The claim here presented, however, is not for expenses but for compensation and the record shows that plaintiff has never received any compensation for his services as guardian. He is entitled to something unless his conduct was such as to deprive him of the right to claim compensation. The learned trial judge was clearly of the opinion that the defendant, in respect to the homestead entry made in the state of Minnesota, was acting more with a view to helping himself than for the benefit of his ward. The correspondence between the plaintiff and Linnell and the deposition of Linnell leaves no room to doubt that the learned circuit judge came to a correct conclusion; in fact this correspondence shows that plaintiff was acting with an eye almost solely to his own interest, and that the right of the ward to make a homestead entry was a right that he seized upon for the purpose of putting money in his own pocket, and we think it is also fairly inferable that the unusual outlay of money in order to protect the interest of the ward in the homestead entry in Minnesota was made necessary by the illegal agreements made between plaintiff and Linnell in respect to the lands. To allow plaintiff compensation in such circumstances would be to compensate him for his effort to make a profit for himself out of the estate of his ward.

The judgment is for the right party and is affirmed. *Reyburn* and *Goode, JJ., concur.*